IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CHARLES P. FARRIS, JR., # 37576-019**                                      **PETITIONER**

**VERSUS**                                              **CIVIL ACTION NO. 5:09-cv-100-DCB-MTP**

**BRUCE PEARSON, et al.**                                                   **RESPONDENTS**

MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner, an inmate incarcerated at the Federal Correctional Complex, Yazoo City, Mississippi, filed this petition for habeas relief pursuant to 28 U.S.C. § 2241 on June 15, 2009.

Background

Petitioner pleaded guilty to filing false information on a bank application on April 26, 2007, in the United States District Court for the Northern District of Alabama. Petitioner is serving his sentence of 57 months in the custody of the Bureau of Prisons. In the instant action, Petitioner is seeking relief from an alleged unlawful detainer which has been placed against him by the state of South Carolina resulting from a state parole violation. In his response [18] to this Court's order [12] inquiring into exhaustion, Petitioner states that he has attempted informal resolution, filed the first step of the administrative remedies process and attempted to obtain a copy of the detainer from South Carolina. As relief Petitioner requests that this Court "[i]ssue an order to dismiss the detainers and warrants placed against the Petitioner by the state of South Carolina" and "[i]ssue an order in the state of South Carolina to cease and desist all action of type or nature concerning probation violations on a satisfied judgment." *Pet*. [1], pg, 18.

Analysis

"[A] federal district court in the state or district of confinement may entertain by habeas

corpus a prisoner's challenge to the adverse effects on the conditions of his confinement resulting from the filing of a foreign detainer." *Norris v. State of Georgia*, 522 F.2d 1006, 1010 (4th Cir.1975) (citing *Nelson v. George*, 399 U.S. 224 (1970)). *See also McEachern v. Henderson*, 485 F.2d 694 (5th Cir.1973)). For example, if a petitioner was arguing denial of participation in educational programs within the Bureau of Prisons because of the detainer that is lodged against him, then that petitioner could seek relief through § 2241 in this Court.

The instant claim before this Court does not involve the effect the South Carolina detainer has had on the Petitioner's custody but consists of allegations regarding the legality of the detainer itself.[1] This claim must be pursued within the Interstate Agreement of Detainers administrative procedures, the South Carolina state courts and the Alabama federal courts. *See Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Watson v. State of Alabama*, 841 F.2d 1074 (11th Cir.), *cert. denied*, 488 U.S. 864 (1988). As stated above, the only claims regarding the detainer lodged against the Petitioner that this Court has jurisdiction to entertain have not been presented in the instant petition.

## Conclusion

This Court does not have jurisdiction over the legality of a state law detainer. Based on the foregoing, this petition does not establish a violation of Petitioner's constitutional rights regarding the execution of his federal sentence, therefore, the Petitioner is not entitled to habeas relief from this Court pursuant to 28 U.S.C. § 2241 and the instant action shall be dismissed with

---

[1] In response [8] to this Court's order [7], Petitioner stated that the only way his current custody is being effected by the detainer is that he "cannot serve his custody 'out' as he should, but is confined to 'in custody' due to the illegal detainer." *Resp.* [8], p. 4. This does not qualify as having an effect on Petitioner's incarceration for purposes of jurisdiction to hear this case as Petitioner's assertions revolve around the legality of the detainer placed on him by South Carolina.

prejudice.

A Final Judgment in accordance with this Memorandum Opinion will be entered. All pending motions are hereby terminated.

SO ORDERED this the ___17th___ day of December, 2009.

       ___s/ David Bramlette_____
       UNITED STATES DISTRICT JUDGE